**UNITED STATES of America, Appellee,**

v.

**David HODGES, Appellant.**

**No. 89–5212MN.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1991.

Decided June 13, 1991.

Barry V. Voss, Minneapolis, Minn., for appellant.

John W. Lee, Minneapolis, Minn., for appellee.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

ARNOLD, Circuit Judge.

David Hodges appeals his convictions for possessing cocaine, helping to sell cocaine, and conspiring to distribute cocaine. Hodges claims error in the way the District Court[1] instructed his jury. The Court refused Hodges's request to tell the jury they could acquit the defendant if the police entrapped him. The Court explained its refusal by noting that no reasonable juror could conclude that Hodges had in fact been entrapped. We agree, and affirm Hodges's conviction.

In 1987 Deputy Salvatore Catapano of the Hennepin County Sheriff's Department went under cover to investigate drug trafficking in the Minneapolis area. Posing as "Tony," Deputy Catapano set about trying to buy cocaine. He contacted Anthony

---

1. The Hon. David S. Doty, United States District Judge for the District of Minnesota.

Bell. Bell did not have any cocaine for sale, but he told Tony he knew where to get some. Bell called, among others, a friend and fellow cocaine user, David Hodges. On two occasions Hodges agreed to supply cocaine to Bell for him in turn to sell to Tony. The first sale involved a quarter of an ounce of cocaine, the second sale four ounces. A second Deputy, Jeff Burchette, posed as Tony's customer and moneyman, one "Jason," for the second sale.

After the money and cocaine changed hands during the second deal, the Deputies revealed their true identities. Bell and Hodges were both arrested and charged. Bell struck a deal with the government. As part of that deal he testified against his friend at Hodges's trial. The jury convicted Hodges of four crimes: conspiring with Bell to sell cocaine, helping Bell sell the drug to the Deputy Sheriffs on two occasions, and possessing cocaine. Judge Doty sentenced Hodges to two years and three months in jail for each offense. He also ordered that Hodges serve his sentences concurrently.

Bell's role in these crimes lies at the center of Hodges's appeal. He unwittingly led the police to Hodges. The appellant now argues that Bell was, without realizing it, converted into an undercover agent. Therefore, Hodges presses, Bell's requests to him to supply cocaine were the actions of the police. Those requests allegedly supply the direct government action necessary to begin establishing an entrapment defense. In addition, Hodges contends he did not really want to be involved in these drug sales. He says he was not, in the language of entrapment, predisposed to break these laws. Hodges admits that he is a drug user. He claims, however, that he is not a drug dealer. He supposedly supplied the cocaine for these sales only to help his friend Bell make enough money to fulfill a lifelong dream of studying acting in California. Hodges argues that his lack of predisposition, and Bell's unwitting status as a government agent, entitled him to have his jury told about the defense of entrapment before they began their deliberations. And, Hodges concludes, the Dis-

trict Court's abuse of its discretion in denying his requested jury instruction requires that he be given a new trial.

We are not persuaded that the District Court erred in refusing the entrapment instruction. Inducement by private citizens does not ordinarily create an entrapment issue. The usual entrapment situation involves direct contact between a government agent and a prospective defendant. See, *e.g., Mathews v. United States*, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988); *United States v. Lard*, 734 F.2d 1290 (8th Cir.1984). The go-between in this case, Bell, was a private citizen. Hodges does not contend, and the evidence does not show, that he had any direct contact with the undercover officers. However, courts have also recognized that, under certain circumstances, an unknowing middleman (such as Bell) can satisfy the element of governmental inducement in another's entrapment defense. See Note, *Entrapment Through Unsuspecting Middlemen*, 95 Harv.L.Rev. 1122 (1982) (elaborating and criticizing the various standards for evaluating an entrapment defense in similar situations).

Bell's actions, however, cannot reasonably be imputed to Deputies Catapano and Burchette. It is not enough that an undercover agent's requests led Bell to involve Hodges in these crimes. Such a holding would inject an entrapment issue into every case involving an unwitting middleman and an undercover agent. Rather, the better rule applies the animating principles of the entrapment defense to the unknowing middleman: was the middleman induced by the police to do something he would not otherwise have done? Without evidence that the government induced—in the strong legal sense of that term—the middleman into helping net the distant defendant, the government-action requirement of an entrapment defense will not be met for that defendant. An entrapment instruction would therefore be unwarranted as a matter of law.

We have reviewed this record with care. We see no evidence that Bell was induced by the government to participate in these

crimes. The undercover agents merely approached him seeking cocaine. Bell obliged. He helped them find contraband—from at least one other source, as well as from his friend Hodges. T. 59–63. Bell also attempted to secure drugs from "some other people...." T. 187. The Deputy Sheriffs provided Bell an opportunity; they did not manufacture these crimes by pressuring him. It is true that they gave Bell a ride to the deals, that they talked with him frequently by phone, and even helped him use their car phone to call Hodges. The first fact is unremarkable given that Bell does not have a driver's license. T. 107–108; 336. Nor do the communications among Bell and the Deputies, and Bell and Hodges, demonstrate Bell's status as a government agent; they demonstrate instead Bell's largely independent role in this cocaine conspiracy.

Bell's actions were his own, not those of the Hennepin County Sheriff's Department. His willingness and independence distinguish this case from the leading authority offered by Hodges on this point: *Johnson v. United States*, 317 F.2d 127 (D.C.Cir.1963). In *Johnson*, a jury question of entrapment was created because the police solicited, planned, funded, and orchestrated the knowing middleman's actions. Because there is no evidence Bell became a similar creature of the Deputy Sheriffs, Hodges's entrapment instruction was properly rejected. Having found a sufficient legal justification for the District Court's action, we need not discuss Hodges's supposed lack of predisposition to commit these crimes. The District Court's judgment is affirmed.